**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISON**

| | |
|---|---|
| PAUL EUGENE BAILEY, # 171480, | * |
| | * |
|     Petitioner, | * |
| | * |
| vs. | * CIVIL ACTION NO. 23-00358-JB-B |
| | * |
| PHYLLIS MORGAN, | * |
| | * |
|     Respondent. | * |

<u>**REPORT AND RECOMMENDATION**</u>

Petitioner Paul Eugene Bailey ("Bailey"), an Alabama state prisoner in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. The District Judge assigned to this case referred Bailey's petition to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. Ala. GenLR 72(a)(2)(R), and Rule 8(b) of the Rules Governing Section 2254 Cases. The undersigned has reviewed the parties' filings and exhibits and finds there is sufficient information before the Court to resolve the issues presented without an evidentiary hearing.[1]

---

[1] Because Bailey filed his federal habeas corpus petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." <u>Kelley v. Sec'y for Dep't of Corr.</u>, 377 F.3d 1317, 1337 (11th Cir. 2004). Bailey has failed to establish that an evidentiary hearing is warranted in this case. <u>See</u> <u>Birt v. Montgomery</u>, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner in a habeas corpus proceeding to establish the need for an evidentiary hearing.").

For the reasons set forth below, the undersigned **RECOMMENDS** that Bailey's § 2254 habeas petition be **DISMISSED with prejudice** as time-barred pursuant to 28 U.S.C. § 2244(d)(1).

## I.    BACKGROUND

This matter arises from the 1994 rape of a 58-year-old woman in her home.  (Doc. 8-15 at 1-2).  Following the attack, a sexual assault examination was performed, and evidence was preserved in a rape kit and transported to a laboratory of the Alabama Department of Forensic Sciences ("DFS") for testing.  (Id. at 2).  Testing recovered seminal fluid and semen.  (Id.).  Because DFS did not have a suspect's DNA to which it could compare the collected DNA, the case languished as a "cold case" until 2015, when additional DNA testing was performed.  (Doc. 8-9 at 189; Doc. 8-15 at 2).  That testing revealed that the DNA recovered from the rape kit matched Bailey's DNA profile.  (Doc. 8-9 at 189-92).

On April 29, 2016, a grand jury in Mobile County, Alabama indicted Bailey for first-degree rape in violation of Alabama Code § 13A-6-61(a)(1).  (Doc. 8-1 at 45).  The case was tried before a jury, which found Bailey guilty on January 10, 2018.  (Doc. 8-5 at 11; Doc. 8-10 at 88-91).  The court sentenced Bailey to life without the possibility of parole as a habitual offender on March 8, 2018.  (Doc. 8-10 at 107-08).

Bailey appealed his conviction and sentence to the Alabama Court of Criminal Appeals.  (Docs. 8-12, 8-14).  On direct appeal,

Bailey, through his appellate counsel, argued that: (1) denial of his motion for a continuance resulted in the denial of due process and a fair and impartial trial by leaving his defense counsel with only six days to prepare for trial, which rendered counsel ineffective; (2) denial of a continuance resulted in a fundamentally unfair trial because it prevented Bailey from obtaining a necessary expert witness; (3) a missing link in the chain of custody rendered the DNA evidence inadmissible; and (4) there was insufficient evidence to support a conviction. (Doc. 8-12). On March 1, 2019, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion affirming Bailey's conviction and sentence. (Doc. 8-15). Bailey did not file an application for rehearing in the Alabama Court of Criminal Appeals or a petition for writ of certiorari in the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on March 20, 2019. (Doc. 8-16).

On October 24, 2019, Bailey filed a *pro se* motion labeled "Exclusionary Rule Violation" in the Mobile County Circuit Court. (Doc. 8-17 at 12-23). The circuit court denied Bailey's motion on November 5, 2019. (<u>Id.</u> at 25). Bailey appealed the denial of his "Exclusionary Rule Violation" motion to the Alabama Court of Criminal Appeals on November 22, 2019. (<u>Id.</u> at 26-27). On May 20, 2020, the Alabama Court of Criminal Appeals reversed and remanded the case with instructions for the circuit court to set

aside its earlier ruling and treat Bailey's "Exclusionary Rule Violation" motion as a Rule 32 petition for postconviction relief. (Doc. 8-22).

On May 26, 2020, the circuit court set aside its prior denial and directed the Clerk to docket Bailey's "Exclusionary Rule Violation" motion as a Rule 32 petition. (Doc. 8-24 at 63). Bailey subsequently filed another *pro se* motion which the circuit court treated as a Rule 32 petition. (Id.). The circuit court also appointed counsel to represent Bailey during the Rule 32 process, due to his indigent status. (Id.). Despite being represented by counsel, Bailey filed yet another *pro se* Rule 32 petition on June 16, 2020. (See id. at 32-61, 63-64). Bailey's Rule 32 counsel and the circuit court construed Bailey's Rule 32 petitions to make the following claims: (1) his DNA sample was illegally obtained; (2) the DNA evidence was inadmissible because of a missing link in the chain of custody; (3) the evidence was insufficient to support his conviction; (4) he was denied a DNA expert; and (5) the trial court was without jurisdiction because of illegally obtained evidence. (Doc. 8-25 at 16, 18-20; Doc. 8-26 at 70). On November 11, 2021, the circuit court dismissed Bailey's Rule 32 petition. (Doc. 8-26 at 70-77).

Bailey appealed the dismissal of his Rule 32 petition on November 16, 2021. (Id. at 87). On appeal, Bailey's appointed appellate counsel filed a no-merit brief pursuant to Anders v.

California, 386 U.S. 738 (1967), and Bailey filed a *pro se* statement of issues. (Docs. 8-27, 8-28). Though the Alabama Court of Criminal Appeals found Bailey's *pro se* Rule 32 petition and amendments "disjointed and confusing," it found that Bailey had raised the following claims: (1) his DNA profile was unlawfully obtained without a warrant and without probable caused from the combined DNA index system ("CODIS") and illegally compared to the DNA evidence from the victim's rape kit; (2) there was a missing link in the chain of custody of the rape kit; (3) the State suppressed the fact that his DNA profile was unlawfully obtained, in violation of Brady v. Maryland, 373 U.S. 83 (1963); (4) false evidence was presented at trial, specifically, evidence that the administrator of CODIS matched his DNA to the DNA in the victim's rape kit in September 2014, before the police had given the rape kit to DFS for testing in January 2015; (5) the evidence was insufficient to sustain his conviction; (6) he was denied a DNA expert to challenge the reliability of the DNA evidence; (7) the State failed to lay the proper predicate for admission of the DNA evidence; (8) his sentence was illegal because he was never arraigned on one of the prior convictions that was used to enhance his sentence, and that conviction therefore could not be used for enhancement; and (9) his trial and appellate counsel were ineffective for not raising claims (1)-(8) at trial and on appeal. (Doc. 8-29 at 3-4). On June 24, 2022, the Alabama Court of Criminal

Appeals issued an unpublished memorandum opinion affirming the circuit court's dismissal of Bailey's Rule 32 petition. (Doc. 8-29). Bailey did not file an application for rehearing in the Alabama Court of Criminal Appeals, and the Alabama Court of Criminal Appeals issued a certificate of judgment on July 15, 2022. (Doc. 8-30). On August 24, 2022, Bailey petitioned the Alabama Supreme Court for a writ of certiorari. (Doc. 8-31). However, Bailey's petition for writ of certiorari was stricken by the Alabama Supreme Court "for lack of jurisdiction as untimely filed" on September 26, 2022. (Doc. 8-32).

Bailey, proceeding *pro se*, initiated this action on September 4, 2023,[2] with the filing of his original petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). In an order dated September 20, 2023, the Court found that Bailey's original petition was deficient and ordered Bailey to file an amended habeas petition by October 20, 2023. (Doc. 3). Bailey timely complied and filed an amended § 2254 habeas petition on October 13, 2023, which is now his operative petition. (Doc. 4). Bailey attached to his

---

[2] Under the mailbox rule, a prisoner's *pro se* federal habeas petition is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Absent evidence to the contrary, that date is assumed to be the date the prisoner signed the motion. Id. Bailey's petition states that it was executed and delivered to custodial authorities for mailing on September 4, 2023. (See Docs. 1 at 14).

amended § 2254 habeas petition a *pro se* brief detailing his issues for review.  (Doc. 4-1).

   As best the undersigned can discern, Bailey asserts in ground one of the amended petition that his trial and appellate attorneys were ineffective for failing to challenge the evidence presented at trial.  (Doc. 4 at 8; Doc. 4-1 at 5, 7).  In ground two, Bailey claims that his conviction was illegally obtained in that law enforcement did not have a warrant or probable cause to obtain a sample of his DNA.  (Doc. 4 at 9; Doc. 4-1 at 8).  In ground three, Bailey alleges that the State committed a <u>Brady</u> violation by suppressing a missing link in the chain of custody for the DNA evidence.  (Doc. 4 at 10; Doc. 4-1 at 10).  In ground four, Bailey asserts that there was insufficient evidence to sustain his conviction because the only evidence linking him to the crime was an "inadmissible" DNA match.  (Doc. 4 at 10; Doc. 4-1 at 11).  In ground five, Bailey asserts that his due process and equal protection rights were violated when he was denied a DNA expert although he requested one.  (Doc. 4-1 at 2, 5, 12).  In ground six, Bailey contends that the trial court was "without subject matter jurisdiction" to impose his sentence since his conviction was obtained with illegal evidence.  (<u>Id.</u> at 2, 5, 13).

   Respondent contends that Bailey's habeas petition is time-barred by the one-year statute of limitations contained in 28

U.S.C. § 2244(d).  (Doc. 8 at 5-8).  Bailey's habeas petition is now ripe for consideration.

## II.  <u>STANDARD OF REVIEW</u>

The Court's review of Bailey's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, "the role of the federal courts is strictly limited." <u>Jones v. Walker</u>, 496 F.3d 1216, 1226 (11th Cir. 2007). Specifically, 28 U.S.C. § 2254 provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> e)(1)  In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254.

Thus, a federal court may grant habeas relief only if the state court arrives at a conclusion contrary to that reached by the United States Supreme Court on a question of law or decides a

case differently from the way the United States Supreme Court did on a set of materially indistinguishable facts, or if the state court's decision involves an unreasonable factual determination. Williams v. Taylor, 529 U.S. 362, 405 (2000); Price v. Vincent, 538 U.S. 634, 638-41 (2003) (noting that a federal habeas court will disturb a state court's decision on the merits only if the petitioner shows that the decision was contrary to, or involved an unreasonable application of, clearly established constitutional law as determined by the Supreme Court, or if the decision rested upon an unreasonable factual determination).

"[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011). In other words, "if some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied. . . . [T]he deference due is heavy and purposely presents a daunting hurdle for a habeas petitioner to clear." Loggins v. Thomas, 654 F.3d 1204, 1220 (11th Cir. 2011); see also Greene v. Fisher, 565 U.S. 34, 38 (2011) (noting that the AEDPA standard is purposely onerous because "federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error

correction") (quotation omitted); <u>Cullen v. Pinholster</u>, 563 U.S. 170, 181 (2011) (noting that the AEDPA standard "is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt") (quotations omitted).

Accordingly, in evaluating Bailey's § 2254 petition, the Court takes care to abide by the stricture that "[a] federal court may not grant habeas relief on a claim a state court has rejected on the merits simply because the state court held a view different from its own." <u>Hill v. Humphrey</u>, 662 F.3d 1335, 1355 (11th Cir. 2011); <u>see also</u> <u>Reese v. Sec'y, Fla. Dep't of Corr.</u>, 675 F.3d 1277, 1286 (11th Cir. 2012) ("This inquiry is different from determining whether we would decide <i>de novo</i> that the petitioner's claim had merit."). Having established the proper standard of review, the Court will proceed to examine the timeliness of Bailey's claims.

### III.  <u>ANALYSIS</u>

#### A.  **Timeliness**

Pursuant to 28 U.S.C. § 2244(d)(1), a state prisoner seeking a federal habeas corpus remedy must file his habeas corpus petition within a one-year period of limitation. The statute provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Where a petitioner asserts multiple claims with different dates triggering the statute of limitations under § 2244(d)(1), the applicable trigger date is determined on a claim-by-claim basis.  Zack v. Tucker, 704 F.3d 917, 926 (11th Cir. 2013) (en banc).  The one-year limitation period "typically begins to run on the date on which the petitioner's conviction became final." Wilmore v. United States, 2018 U.S. App. LEXIS 24541, at *4, 2018 WL 5295886, at *2 (11th Cir. Aug. 28, 2018) (citing 28 U.S.C. § 2244(d)(1)(A)).

As an initial matter, there is no allegation or information suggesting that any of the alternative triggering dates provided in subsections (B) through (D) of § 2244(d)(1) apply to any of Bailey's claims in grounds one through six.  Thus, the one-year limitation period for those claims commenced on "the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. § 2244(d)(1)(A).

As noted *supra*, the Alabama Court of Criminal Appeals affirmed Bailey's conviction and sentence on direct appeal on March 1, 2019. (Doc. 8-15). Bailey did not apply for rehearing or petition the Alabama Supreme Court for certiorari review, and his conviction became final for purposes of § 2244(d)(1)(A) on March 20, 2019, when the Alabama Court of Criminal Appeals issued a certificate of judgment. See Anthony v. Gordy, 2017 U.S. Dist. LEXIS 27714, at *5-6, 2017 WL 769956, at *3 (N.D. Ala. Feb. 28, 2017) ("Where a defendant appeals his conviction to the Alabama Court of Criminal Appeals but does not seek certiorari review in the Alabama Supreme Court, his conviction becomes 'final' for purposes of § 2244(d)(1)(A) no later than the date on which the Alabama Court of Criminal Appeals issues its certificate of judgment."); Brown v. Hooks, 176 F. App'x 949, 951 (11th Cir. 2006) (per curiam); see also Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir. 2006). Thus, in the absence of a tolling event, Bailey had one year from March 20, 2019, within which to file his federal habeas petition.

Once the federal statute of limitations is triggered and begins to run, it can be tolled in two ways: through statutory tolling or equitable tolling. Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam). Statutory tolling is codified

at 28 U.S.C. § 2244(d)(2), which tolls the one-year limitation period during the pendency of "a properly filed application for State post-conviction or other collateral review" of the underlying judgment. See 28 U.S.C. § 2244(d)(2). "However, the pendency of even a properly filed state post-conviction application only *pauses* § 2244(d)(1)'s one-year clock; it does not *reset* it." Roby v. Mitchem, 2012 U.S. Dist. LEXIS 67121, at *8, 2012 WL 1745529, at *3 (N.D. Ala. May 1, 2012) (emphasis in original).

As noted, Bailey's one-year period of limitation began to run on March 20, 2019. Assuming that the one-year limitation period was tolled upon the filing of Bailey's "Exclusionary Rule Violation" motion on October 24, 2019, 217 days of the limitation period elapsed between March 20, 2019 and October 24, 2019.

The procedural history of Bailey's Rule 32 proceedings is confusing due to his filing of *pro se* amended Rule 32 petitions following the Alabama Court of Criminal Appeals remand order directing the trial court to consider his "Exclusionary Rule Violation" motion as a Rule 32 petition on May 20, 2020. However, it is clear that Bailey's Rule 32 petition, as amended, was dismissed by the trial court on November 11, 2021. (Doc. 8-26 at 70-77). Bailey appealed that dismissal five days later. (Id. at 87). The Alabama Court of Criminal Appeals affirmed the dismissal of Bailey's Rule 32 petition on June 24, 2022, and issued its

certificate of judgment on July 15, 2022. (Docs. 8-29, 8-30). Although Bailey petitioned the Alabama Supreme Court for a writ of certiorari more than one month later, his petition was stricken for lack of jurisdiction as untimely filed and thus had no tolling effect. See Rickmon v. Butler, 2015 WL 556364, at *6 (N.D. Ala. Feb. 10, 2015).

Therefore, the statute of limitations began to run again on July 15, 2022, when the Alabama Court of Criminal Appeals issued its certificate of judgment affirming the dismissal of Bailey's Rule 32 petition, and it continued running until the one-year limitation period expired in December 2022. Bailey did not file his initial federal habeas petition in this action until September 2023, more than eight months after the § 2244(d)(1)(A) limitation period had expired. Thus, Bailey's petition is time-barred unless he can demonstrate that he is entitled to equitable tolling or another exception to the time bar.

**B.  Equitable Tolling**

Equitable tolling is available only where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (citation omitted). "Equitable tolling is an extraordinary remedy, which is typically applied sparingly." Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of proving

circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011). A petitioner's "allegations supporting equitable tolling must be specific and not conclusory." Hutchinson v. Florida, 677 F.3d 1097, 1099 (11th Cir. 2012).

Bailey has not raised a specific equitable tolling argument and has failed to establish any basis for equitable tolling of the statutory limitation period. In particular, Bailey has neither alleged nor demonstrated that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition in this Court. Bailey has also failed to allege or show that he exercised reasonable diligence in pursuing his rights. Accordingly, Bailey has failed to demonstrate that he qualifies for equitable tolling.

Bailey appears to suggest that his habeas petition is not time-barred under § 2244(d)(1) because the "[l]imitation period does not apply to [a] claim that [the] court was without jurisdiction to render judgment or impose sentence." (Doc. 10 at 1). However, even if all of Bailey's claims raised jurisdictional issues, which they do not, "[t]here is no exception to the limitation period in § 2244(d) for claims alleging lack of jurisdiction by the state trial court." Smith v. Giles, 2017 U.S. Dist. LEXIS 108813, at *4, 2017 WL 4021125, at *2 (M.D. Ala. July

12, 2017), <u>report and recommendation adopted</u>, 2017 U.S. Dist. LEXIS 147191, 2017 WL 4019425 (M.D. Ala. Sept. 12, 2017); <u>see</u> <u>Brown v. Patterson</u>, 2012 U.S. Dist. LEXIS 112049, at *12, 2012 WL 3264896, at *3 (M.D. Ala. June 18, 2012) ("Brown argues that his claim challenging the validity of his sentence presents a jurisdictional claim which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1)(A). However, neither the statute nor federal case law makes such an exception for alleged jurisdictional issues arising under state law."), <u>report and recommendation adopted</u>, 2012 U.S. Dist. LEXIS 112049, 2012 WL 3264556 (M.D. Ala. Aug. 9, 2012); <u>Owens v. Mitchem</u>, 2012 U.S. Dist. LEXIS 126650, at *8 n.3, 2012 WL 4009335, at *3 n.3 (N.D. Ala. 2012) ("There is no exception under AEDPA's statute of limitation for a § 2254 claim that the state court lacked subject matter jurisdiction."). Thus, Bailey's suggestion that § 2244(d)(1)'s one-year limitation period does not apply to his claims is meritless.

### C.    Actual Innocence

A habeas petitioner's actual innocence, if proved, may serve as a gateway to consideration of constitutional claims otherwise time-barred under § 2244(d)(1)'s one-year limitation period. <u>McQuiggin v. Perkins</u>, 569 U.S. 383, 386 (2013). To successfully assert actual innocence as a gateway to review of time-barred claims, a habeas petitioner is required "(1) to present new

reliable evidence . . . that was not presented at trial, and (2) to show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (per curiam) (internal quotation marks and citations omitted). The actual innocence gateway requires a petitioner to show "factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Bailey claims that he is "actual innocent," (see Doc. 10 at 1; Doc. 11 at 1), but his argument is not based on "new reliable evidence"[3] and fails to show that "it is more likely than not that no reasonable juror would have convicted him." See Rozzelle, 672 F.3d at 1011; Bousley, 523 U.S. at 623 (quotations omitted). Therefore, the actual innocence exception does not permit consideration of Bailey's time-barred claims.

In sum, Bailey's habeas petition is untimely filed, and he has failed to demonstrate his entitlement to equitable tolling or that is he actually innocent of the crime for which he was

---

[3] "In order to qualify as 'new,' the evidence must not have been available at trial and could not have been discovered earlier through the exercise of due diligence." Marshall v. McDonough, 2008 U.S. Dist. LEXIS 34205, at *15, 2008 WL 1897595, at *5 (M.D. Fla. Apr. 25, 2008); see Osborne v. Purkett, 411 F.3d 911, 920 (8th Cir. 2005) (finding that evidence was not new when it "existed at the time of trial and could have been discovered earlier had [petitioner] or his counsel diligently pursued it").

convicted.    Accordingly,    the    undersigned    recommends    that    the
instant habeas petition be dismissed as time-barred pursuant to §
2244(d)(1), and that judgment be entered in favor of Respondent.[4]

## IV.    CERTIFICATE OF APPEALABILITY

"The    district    court    must    issue    or    deny    a    certificate    of
appealability    when    it    enters    a    final    order    adverse    to    the
applicant."  Rules Governing § 2254 Cases, R. 11(a).  The habeas
corpus statute makes clear that an applicant is entitled to appeal
a district court's denial of his habeas corpus petition only where
a circuit justice or judge issues a certificate of appealability.
See 28 U.S.C. § 2253(c)(1).  A certificate of appealability may
issue only where "the applicant has made a substantial showing of
the denial of a constitutional right."  Id. at § 2253(c)(2).

Where, as here, a habeas petition is dismissed on procedural
grounds    without    reaching    the    merits    of    any    underlying
constitutional claim, a certificate of appealability "should issue
[only] when the prisoner shows, at least, that jurists of reason
would find it debatable whether the petition states a valid claim
of the denial of a constitutional right and that jurists of reason
would find it debatable whether the district court was correct in
its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484

---

[4] Because the Court finds that Bailey's petition is time-barred,
it is not necessary to reach any other arguments raised by the
Respondent.

(2000).  A prisoner seeking a certificate of appealability "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (quotations omitted).  However, a certificate of appealability "does not require a showing that the appeal will succeed."  <u>Id.</u> at 337.

After reviewing the issues presented in light of the applicable standards, the undersigned submits that reasonable jurists would not conclude that this Court is in error in dismissing the instant petition as time-barred, or that Bailey should be allowed to proceed further.  <u>See</u> <u>Slack</u>, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").  As a result, it is recommended that Bailey be **DENIED** a certificate of appealability in conjunction with the dismissal of the present § 2254 habeas petition.[5]

---

[5] Rule 11(a) of the Rules Governing Section 2254 Cases provides for the following procedure: "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing § 2254 Cases, R. 11(a). Accordingly, if there is an objection to this recommendation by Bailey, he may bring his argument to the attention of the District Judge in the objections permitted to this report and

## V.   **APPEAL *IN FORMA PAUPERIS***

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

Ghee v. Retailers Nat. Bank, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam).

Considering this legal standard, and for the reasons outlined above, it is recommended that the Court **CERTIFY** that any appeal by Bailey of the dismissal of the present § 2254 petition would be without merit and therefore not taken in good faith, thus denying

---

recommendation. Should this Court deny a certificate of appealability, Bailey "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Id.

him entitlement to appeal *in forma pauperis*.[6]

## VI.   CONCLUSION

For the reasons set forth above, the undersigned **RECOMMENDS** that Bailey's amended § 2254 habeas petition (Doc. 4) and this action be **DISMISSED with prejudice** as time-barred pursuant to § 2244(d)(1), and that judgment be entered in favor of Respondent and against Petitioner Bailey.  The undersigned further **RECOMMENDS** that Petitioner Bailey be **DENIED** a certificate of appealability, and that the Court **CERTIFY** that any appeal by Petitioner Bailey of the dismissal of the present § 2254 habeas petition would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[6] Bailey may still file a motion to proceed *in forma pauperis* on appeal with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **9th** day of **September, 2024.**

/s/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE